******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NANCY CIARA *v.* ATLANTIC
MOTORS, LLC, ET AL.
(AC 45491)

JERYD GRIFFIN *v.* ATLANTIC
MOTORS, LLC, ET AL.
(AC 45492)

Elgo, Cradle and Seeley, Js.

*Syllabus*

The plaintiffs, N and J, filed separate actions, which were later consolidated
for trial, alleging, inter alia, that the defendants misrepresented the
mileage on the odometers of two motor vehicles that the plaintiffs
allegedly purchased from one of the defendants. Several of the defen-
dants were defaulted for failure to appear, and the plaintiffs withdrew
their complaints against several other defendants. At the time of trial,
the defendants consisted of N Co. and three individual defendants. On
the first day of trial, counsel for the plaintiffs, T, indicated his intention
to present the testimony of the plaintiffs and the individual defendants.
C, who appeared at trial on behalf of N Co., subsequently filed an
appearance on behalf of each of the individual defendants and indicated
that they had no intention of testifying in this case, that he did not plan
to put them on the stand, and that T had not subpoenaed them, deposed
them, or tried to interview them. On the second day of trial, T indicated
to the court that the day before he had subpoenaed the individual
defendants through C, who he claimed had indicated on his appearance
that he agreed to accept service of all documents. C responded that T
had sent him emails asking him to serve his clients with subpoenas and,
therefore, had not properly subpoenaed the defendants. The court ruled
that T's emails to C were not sufficient to comply with the requirement
for the service of a subpoena and declined to enforce the subpoenas.
During the trial, T attempted to introduce two Carfax reports related
to the motor vehicles at issue. T attempted to admit evidence contained
in the first report through the testimony of N. C objected on the basis
that the report was hearsay, and the court sustained the objection. T
showed the second report to J during his testimony but indicated that
he was using the report to refresh J's memory, not to enter it into
evidence. After the trial, the court rendered judgments for the defen-
dants, finding that the plaintiffs failed to prove by a preponderance of
the evidence any of their claims against the defendants, that they failed
to offer evidence that any of the defendants were involved in the motor
vehicle purchases or subsequent dealings the plaintiffs had concerning
the vehicles, and that they failed to meet their burdens of proof as to
damages because they presented no evidence as to specific damages
they claim to have suffered. On the plaintiffs' appeals to this court, *held*:

1. The trial court did not err when it declined to enforce the subpoenas to
compel the attendance of the individual defendants at trial; contrary to
the plaintiffs' claim that emailing subpoenas to the attorney for the
individual defendants constituted proper service on those individuals
pursuant to the rules of practice (§§ 10-12 and 10-13), the plain and
unambiguous language of those rules of practice reveals that neither
provision applies to the service of subpoenas, and, consequently, deliv-
ery of a subpoena to counsel under one of the methods described in
Practice Book § 10-13 was not sufficient service pursuant to the statute
(§ 52-143) governing the proper service of subpoenas for witnesses, and
the subpoenas were not properly served.

2. This court declined to review the plaintiffs' unpreserved claim that the
trial court abused its discretion in failing to admit into evidence the
Carfax reports pertaining to the two motor vehicles at issue: because
the plaintiffs did not attempt to introduce their respective Carfax reports
into evidence, the court did not issue a ruling to exclude them; moreover,
no articulation was sought from the court as to the basis for sustaining
the defendants' hearsay objection, and, accordingly, any claim related
to the admission of the Carfax reports was not preserved for this

court's review.

Argued October 19, 2023—officially released January 2, 2024

*Procedural History*

Action, in each case, to recover damages for, inter alia, fraud, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the cases were consolidated for trial; thereafter, the named defendant et al. in each case were defaulted for failure to appear; subsequently, the plaintiff in each case withdrew the action as against the defendant Uncle and Nephews, LLC, et al.; thereafter, the court, *Hon. Robert B. Shapiro*, judge trial referee, rendered judgment in each case for the defendant New England Property, LLC, et al., from which the plaintiffs appealed to this court. *Affirmed.*

*Clifford S. Thier*, for the appellants (plaintiff in each case).

*Leonard M. Crone*, for the appellees (defendant New England Property, LLC, et al. in each case).

*Opinion*

CRADLE, J. These two appeals arise from consolidated cases. The plaintiffs in the respective actions, Nancy Ciara and Jeryd Griffin, appeal from the judgments of the trial court in favor of the defendants New England Property, LLC (New England Property), Edmond Ferati, Balkiz Ferati, and Rini Ferati.[1] On appeal, the plaintiffs claim that the court erred in (1) declining to enforce subpoenas to compel the attendance of the defendants at trial and (2) failing to admit Carfax reports into evidence at trial. We affirm the judgments of the trial court.

The following procedural history is relevant to this appeal. On November 30, 2017, the plaintiffs filed these actions arising "from the alleged purchases of used motor vehicles in 2017 at Atlantic Motors, LLC [Atlantic Motors] . . . which [the plaintiffs] claim[ed] were defective in various ways." The alleged defect most pertinent to this appeal is the plaintiffs' claim that the defendants had "[m]isrepresent[ed] the mileage" on the odometers of the vehicles.[2] The plaintiffs sought compensatory and punitive damages, fees, and costs.

A remote bench trial was held on March 8 and 9, 2022. On April 27, 2022, the court, *Hon. Robert B. Shapiro*, judge trial referee, issued a memorandum of decision rendering judgments for the defendants. The court reasoned that "the plaintiffs failed to prove by a preponderance of the evidence any of their claims against any of the defendants" and that they "failed to offer evidence that any of the defendants were involved in the motor vehicle purchases or subsequent dealings the plaintiffs had concerning the vehicles. While there was some evidence that Edmond Ferati supervised and managed operations at Atlantic Motors . . . the plaintiffs failed to prove that he knew about or was involved in the 2017 purchases or subsequent events concerning the vehicles." (Citation omitted.) The court further found that "the plaintiffs presented no evidence as to specific damages they claim to have suffered," so they had "failed to meet their burdens of proof as to damages." This appeal followed. Additional procedural history will be set forth as necessary.

I

The plaintiffs first claim that the trial court erred in failing to enforce subpoenas to compel the attendance of the individual defendants at trial. We disagree.

The following additional procedural history is relevant to our resolution of this claim. At the outset of trial, Attorney Clifford Thier, counsel for the plaintiffs, indicated his intention to present the testimony of the plaintiffs and the defendants. Attorney Leonard Crone, who appeared at trial on behalf of New England Property, also filed an appearance after the commencement of trial on behalf of the three individual defendants,

Edmond Ferati, Balkiz Ferati, and Rini Ferati. Crone indicated that "none of [the individual defendants] ha[d] any intention of testifying in this case," that he did not plan to "put them on the stand," and that Thier "ha[d] not subpoenaed them . . . deposed them . . . [or] tried to interview them . . . ." On the second day of trial, Thier indicated to the court: "I subpoenaed, yesterday, three of the defendants within the eighteen hour—less than eighteen hour time frame called for by the statute, and utilizing their attorney, who has on his appearance . . . agreed to accept service of all documents." Crone responded that Thier had sent him emails asking him to serve his clients with subpoenas and, therefore, had not properly subpoenaed the defendants. The court, *Hon. Robert B. Shapiro*, judge trial referee, ruled that Thier's email to Crone was "not sufficient to comply with the requirement for the service of a subpoena."

On appeal, the plaintiffs argue that the court should have enforced the subpoenas because they were timely served on the defendants' counsel, who, by virtue of filing an appearance on behalf of the defendants, had agreed to accept service of all documents on their behalf.

To resolve the plaintiffs' claim, we examine the law related to the proper service of subpoenas for witnesses. General Statutes § 52-143 (a) provides in relevant part: "Subpoenas for witnesses shall be . . . served by an officer [or] indifferent person . . . not less than 18 hours prior to the time designated for the person summoned to appear, unless the court orders otherwise." It is undisputed that the plaintiffs did not comply with § 52-143 in their attempt to subpoena the defendants to testify at trial. In fact, the plaintiffs acknowledge that "[i]t [is] true that an attorney does not ordinarily have to accept subpoena service on behalf of a client." The plaintiffs argue, however, that counsel for the defendants agreed to accept service of the subpoenas by virtue of his filing an appearance on behalf of the defendants.[3] In support of this argument, they refer to the appearance form filed by Crone, which provided that he "agree[s] to accept papers (service) electronically in this case under Practice Book Section 10-13." On that basis, the plaintiffs contend that emailing the subpoenas to counsel for the defendants constituted proper service pursuant to Practice Book §§ 10-12 and 10-13[4] and, therefore, was sufficient to compel the defendants' attendance at trial.

"Our interpretation of the rules of practice is a question of law subject to plenary review." (Internal quotation marks omitted.) *Riley* v. *Travelers Home & Marine Ins. Co.*, 333 Conn. 60, 81, 214 A.3d 345 (2019). "[When] the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not

subject to modification by way of construction. . . . If a statute or rule is ambiguous, however, we construe it with due regard for the authors' purpose and the circumstances surrounding its enactment or adoption." (Internal quotation marks omitted.) *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 9, 282 A.3d 959 (2022). "[A]lthough [t]he Superior Court is empowered to adopt and promulgate rules regulating pleading, practice and procedure . . . [s]uch rules shall not abridge, enlarge or modify any substantive right . . . ." (Internal quotation marks omitted.) *In re Ryan C.*, 220 Conn. App. 507, 523, 299 A.3d 308, cert. denied, 348 Conn. 901, 300 A.3d 1166 (2023).

The plaintiffs contend that Practice Book §§ 10-12 and 10-13 "apply to subpoenas, meaning that serving a subpoena on the attorney constitutes service on the client." The plain and unambiguous language of those rules of practice reveals that neither provision applies to the service of subpoenas. Practice Book § 10-13 describes the acceptable methods of service of the documents identified in Practice Book § 10-12. The list of documents in Practice Book § 10-12 consists of pleadings, "every written motion other than one in which an order is sought ex parte and every paper relating to discovery, request, demand, claim, notice or similar paper . . . ." A subpoena to compel a witness' presence at trial is not a pleading or a paper relating to discovery, request, demand, claim, notice or similar paper and, therefore, does not fall within the ambit of Practice Book §§ 10-12 and 10-13. Consequently, delivery of a subpoena to counsel under one of the methods described in Practice Book § 10-13 is not sufficient service under § 52-143. Because the subpoenas were not properly served, the court did not err in declining to enforce them.

II

The plaintiffs also claim that the court erred in failing to admit into evidence the Carfax reports pertaining to the two vehicles at issue. We disagree.

The following additional procedural history is relevant to the resolution of this claim. During the first day of trial, Thier asked Ciara, on direct examination, how she had attempted "to find out what . . . the true mileage [of the vehicle allegedly purchased from Atlantic Motors] was." Ciara answered that she had done "a Carfax inquiry." Thier then asked, "And what did you learn from that inquiry?" Crone objected, and the court sustained the objection. Thier argued that "Carfax is a recognized provider of service history for vehicles all over the United States" and that it is "like an encyclopedia or a dictionary." He asked the court that "it be recognized as an impartial source of information. It is the only source of information, and . . . the only way it's admissible is [Ciara's] reading of it." Crone responded that he "would never be able to . . . cross-

examine the person who propounded the actual . . . report. . . . [He] could never find out what the basis was." The court again sustained the objection.

Griffin, on direct examination, testified about the vehicle he had allegedly purchased from Atlantic Motors. Related to a line of questioning about Griffin's attempt to trade in that vehicle at another dealership, Thier asked permission to show Griffin a copy of a Carfax report related to that vehicle, "not to enter it into evidence, but to refresh his memory . . . ." Crone again objected "because it's hearsay [and] whoever completed that document is no one you're going to put on the stand and it's no one that I'm going to be able to cross-examine." The court responded that the Carfax report is not necessarily "admissible by showing it to [Griffin]. So, it's been marked for identification . . . ." Thier then asked the court for clarification, stating that he was not "introducing it for the truth, but [for] what [Griffin] was told was the reason for the dealership saying, '*We're not going to buy your truck from you.*' " (Emphasis in original.) The court ruled that Griffin could tell the court what he understood about why the dealership would not purchase the vehicle. Griffin answered that he "understood . . . [that] the vehicle needed a lot of work and [that] the odometer was not correct." Thier showed the Carfax report to Griffin and the court confirmed that it was "not being offered in[to] evidence at this time."

On appeal, the plaintiffs argue that the court abused its discretion when it "excluded the Carfax reports and ruled that the plaintiffs would have to obtain certified letters from the multiple out-of-state government agencies and repair shops that had performed odometer readings during the life and travels of the automobiles." Our review of the record reveals that the court never made such a ruling. In fact, the plaintiffs did not attempt to introduce their respective Carfax reports into evidence. In Ciara's case, the offer as to the Carfax report was limited to Thier's attempt to have Ciara testify about its contents; the report itself was never offered into evidence. In Griffin's case, the record is clear that the report was being used to refresh Griffin's recollection and it was "not being offered at [that] time." Because the plaintiffs failed to move for the admission of the Carfax reports into evidence, the court did not issue a ruling to exclude them. Moreover, no articulation was sought from the court as to the basis for sustaining the defendants' objection. Accordingly, any claim as to the admission of the Carfax reports is not preserved for our review.[5] See, e.g., *State* v. *Warren*, 83 Conn. App. 446, 451, 850 A.2d 1086 (unpreserved evidentiary claims are not reviewable on appeal), cert. denied, 271 Conn. 907, 859 A.2d 567 (2004).

The judgments are affirmed.

In this opinion the other judges concurred.

[1] Atlantic Motors, LLC; Dritero Ferati; Anthony Pinheiro; 911 Motorsports, LLC; Betim Ferati; Uncle and Nephews, LLC; Dr. Auto; Save the Children Foundation Company, LLC; Edmond Ferati; New England Property; Balkiz Ferati; Rini Ferati; and Erkan Aydar were the original defendants in both of these actions.

The following defendants were defaulted for failure to appear: Dritero Ferati; 911 Motorsports, LLC; New England Property; Balkiz Ferati; Atlantic Motors, LLC; Uncle and Nephews, LLC; Betim Ferati; Edmond Ferati; and Rini Ferati. On August 27, 2018, the court, *Hon. Patty Jenkins Pittman*, judge trial referee, granted the plaintiffs' motions for judgment of default and rendered judgments thereon as to the defendants Atlantic Motors, LLC; 911 Motorsports, LLC; New England Property; Dritero Ferati; Betim Ferati; Edmond Ferati; and Balkiz Ferati. On September 5, 2018, the plaintiffs withdrew their complaints against the defendants Uncle and Nephews, LLC; Save the Children Foundation Company, LLC; Dr. Auto; Anthony Pinheiro; and Erkan Aydar. On April 29, 2019, the court, *Sheridan, J.*, granted the motions to open the judgments filed by the defendants New England Property, Edmond Ferati, and Balkiz Ferati. Any reference to the defendants herein is to New England Property, Edmond Ferati, Balkiz Ferati, and Rini Ferati.

[2] The plaintiffs alleged four counts of odometer fraud in violation of 49 U.S.C. §§ 32703 (2) and (4) and 32705 (a) (2) and General Statutes § 14-106b; two counts of breach of warranty; and claims of common-law fraud; negligent misrepresentation; unjust enrichment; negligence; violation of General Statutes § 42-225; violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.; violation of General Statutes § 42-110b and related state regulations; and civil conspiracy.

[3] To be clear, the plaintiffs do not claim that counsel for the defendants expressly agreed to accept service of the subpoenas.

[4] Practice Book § 10-12, entitled "Service of the Pleading and Other Papers; Responsibility of Counsel or Self-Represented Party: Documents and Persons To Be Served," provides in relevant part: "It is the responsibility of counsel . . . filing the same to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint, every written motion other than one in which an order is sought ex parte and every paper relating to discovery, request, demand, claim, notice or similar paper, except a request for mediation under General Statutes § 49-31*l*. . . ."

Practice Book § 10-13, entitled "Method of Service," provides in relevant part: "Service upon the attorney . . . may be by delivering a copy or by mailing it to the last known address of the attorney . . . . Delivery of a copy within this section means handing it to the attorney . . . or leaving it at the attorney's office with a person in charge thereof; or if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the usual place of abode. Delivery of a copy within this rule may also mean electronic delivery to the last known electronic address of the attorney . . . provided that electronic delivery was consented to in writing by the person served. . . ."

[5] Even if the plaintiffs had preserved their claim as to the admission of the Carfax reports, they did not demonstrate that the alleged error was harmful. They do not offer any argument as to how the Carfax reports would overcome the court's finding that the plaintiffs "failed to offer evidence that any of the defendants were involved in the motor vehicle purchases or subsequent dealings . . . ."